IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 11-03092-01-CR-S-DGK |
| JACK B. VAN MATRE | ) | |
| Defendant. | ) | |

## MOTION FOR DOWNWARD DEPARTURE/DEVIATION/VARIANCE FROM THE FEDERAL SENTENCING GUIDELINES

COMES NOW Defendant by and through counsel of record and moves this court for a downward departure and deviation due to vulnerability, abuse and victimization in prison in accordance with the Legal Suggestions attached hereto.

## LEGAL SUGGESTIONS

Defendant was a longtime law enforcement officer with the Springfield Police Department.

Due to the extraordinary notoriety of this case, "…coupled with his status as a police officer" it would leave the defendant in a "unusually susceptible to abuse in prison," and the defendant might have to spend most of his time in segregation. U.S. vs. Bruder, 103 F. Supp. 2d 155 (ED NY 2000). Also see U.S. vs. Volpe, 78 F. Supp. 2d 76 (ED NY 1999).

As a Narcotics Enforcement Team Officer, Van Matre worked many drug cases, assault cases and made dangerous arrests and house searches, even though he is very small of stature and light weight.

His susceptibility to abuse during incarceration not only due the notoriety of this case, but his long time status as a police officer, *U.S. v. Bruder*, 103 F. Supp. 2d 155 (ED NY 2000) would warrant a departure; *Koon v. U.S.*, 518 U.S. 81 (1996), which might require him to serve a "substantial portion of his sentence in some form of segregation" in order to be shielded from abuse.

There would be potential problems of incarceration because of his career in law enforcement, *U.S. v. Volpe*, 78 F. Supp. 2d 76 (ED NY 1999), it would make his "unusually susceptible" to abuse and would "expose him to abuse". *Volpe*, supra.
In *U.S. v. Booker*, 125 S. Ct. 738 (2005), the U.S. Supreme Court held that mandatory sentencing guidelines violated the Sixth Amendment and should be employed only on an advisory basis. After determining appropriate departures a Court may vary from the advisory guideline range based on factors set forth in Title 18 U.S. Code, Section 3553(a) so long as such a variance is reasonable. *U.S. v. Shannon*, 414 F3d 921, 923 (8th Cir. 2005).

Defendant Van Matre, a retired Springfield Police Officer with 25 years experience, presents little chance for recidivism and consideration of this factor should be a part of the Court's deliberation in fashioning a just sentence.

WHEREFORE, defendant prays for a variance/deviance from the guidelines, and for such other and further relief as the Court deems just and proper.

                                              RESPECTFULLY SUBMITTED,

                                              ____/s/Dee Wampler_____
                                              DEE WAMPLER, MO Bar #19046
                                              JOSEPH S. PASSANISE, MO Bar #46119
                                              ADAM D. WOODY, MO Bar #58999
                                              Attorneys for Defendant

LAW OFFICES OF DEE WAMPLER &
JOSEPH PASSANISE

Attorneys at Law
2974 E. Battlefield
Springfield, MO 65804
PH: (417)882-9300
FAX: (417)882-9310

## Certificate of Service

    I hereby certify that on October 25th, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to U.S. Attorney, Springfield, Missouri.

                                    __/s/Dee Wampler_____
                                    Dee Wampler
                                    Joseph S. Passanise
                                    Adam Woody
                                    Attorneys at Law